LAUVAO, POLA, SAGALE, MOTOI, TAAMU, Plaintiffs

v.

MISIPAGA and SEAU, Defendants

No. 7-1907

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tamalepaua" or "Fanua Tele" on Aunu'u]

November 30, 1909

---

B. R. PATRICK, Chaplain, U.S. Navy, *President of Court;*
J. L. DWYER, *Associate Member;* and MAUGA, *Associate Member*

DECISION

In the year 1907 one Seau of Aunu'u surveyed a tract of land located on the shores of that islet, claiming it as the property of the name Seau. This survey included not only the house of Seau but also the houses of the plaintiffs in this case, who immediately began proceedings in the High Court to determine the ownership of the land surveyed, making Seau and Misipaga, the previous holder of the name Seau, as defendants.

At the inception of this trial the plaintiffs disclaimed ownership of the property surrounding Seau's house, and in accordance with their wishes a line was drawn on the plan submitted by the defendants running between the house of Seau and the houses of the plaintiffs at right angles to the westerly or beach line, and this triangular piece was eliminated from the balance of the property shown on the plan submitted as not in controversy in this case.

A question of fact arose in this case as to the name of the land, plaintiffs claiming the name to be Tamalepaua and

defendants asserting that the name of the land is Fanua Tele. The Court finds, in view of the contradictory and uncertain testimony given on both sides, that the name of the land matters little and the Court will follow the well settled rules of law adopted by the High Court in determining the ownership and the opposing parties may call it by any name they please.

The Court has been greatly assisted in its deliberations by the circumstantial recital by witnesses on both sides of a ceremony or ordeal participated in by the predecessors of the present claimants.

Many years ago (1877 according to plaintiffs) a dispute arose between the predecessors of the present parties as to the ownership of this land. The parties met and decided that both sides should take solemn oaths as to the ownership of the land and the Lord would then decide the case by causing the death of perjurers. On the part of Seau it is asserted his title is established because all the other persons who took this oath are dead except Misipaga, co-defendant with Seau.

The Court is obliged to dismiss this view of testimony as pure superstition but this circumstance proves conclusively that the plaintiffs and their predecessors asserted adverse title to this land at a period greatly anterior in time to the period required by any statute of limitations. It has been admitted that since the taking of these oaths the plaintiffs and their families have continued to reside upon and to use the products of the land.

The adverse possession of the plaintiffs to part of the lands in dispute is established beyond peradventure.

On the other hand, it is undoubted that the Seau family had cultivations and a burial place inland of the house of Seau and the doctrine of adverse possession to these cultivations and this burial place will operate in favor of Seau

as well as it does in favor of the plaintiffs as to the other portion of this property.

The Court has therefore divided the land in a manner which will confirm to both of the opposing parties the land which according to the testimony they have been controlling and using for many years past.

Both parties have made requests to the Court which the Court does not see fit to grant:

Plaintiffs have requested that the Court select any resident of Aunuu and require him to testify as to the name of the land in controversy. Inasmuch as the Court has decided supra that the matter of the name is not material, this request was denied.

Defendants have requested that the Court or some authorized representative visit the property and note the plantations made by both parties. This course was not deemed necessary by the Court.

Let a decree therefore issue vesting the title to the Southern portion of the property as shown in the plan attached marked "A" in the defendants, and vesting the title to the northern portion of the property as shown in the plan attached marked "B" in the plaintiffs. The dividing line shall run between the houses of the plaintiffs and the house of the defendant at right angles to the westerly or beach boundary; thence to a point as shown in the plan submitted to the Court inland of the house of the defendant; thence through the inland portion of the land parallel to the second southerly course shown on the plan submitted to the Court (244°).

Costs are assessed at $80.00; $50.00 to be paid by the defendants and $30.00 by the plaintiffs.